IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM R. BONNER,

        Plaintiff,                      No. CIV S-07-0810 MCE GGH P

    vs.

JAMES E. TILTON, et al.,

        Defendants.            <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis, who seeks relief pursuant to 42 U.S.C. § 1983. This action was severed from another action, <u>Pogue v. Tilton</u>, Case No. CIV S-05-1873 MCE GGH P. <u>See</u>, <u>Order</u> filed 4/30/07. Plaintiff's first amended complaint was dismissed, and plaintiff was granted leave to file a second amended complaint. Plaintiff in this case has filed a second amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In the action from which this case was severed, the motion for that action to be certified as a class action was found deficient and was denied, and plaintiff Pogue therein was directed to proceed in that case solely as an individual plaintiff; thereafter, as noted above, Pogue's claims were severed from those of the seven other plaintiffs, including plaintiff herein, and each was granted leave to amend to proceed on their separate claims.  See Orders, filed on 10/17/06, Case No. CIV S-05-1873 MCE GGH P; see also, Order, filed on 4/30/07. Notwithstanding, plaintiff herein in the second amended complaint appears simply to have re-filed the defective first amended complaint, wherein the parties named as defendants remain the California Department of Corrections and Rehabilitation (CDCR); Jeanne Woodford, Roderick Hickman; James Tilton; and "all unknown wardens of CDCR prisons, et al."

As to defendant CDCR, the Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit and the court finds that this defendant should be dismissed.

As to naming all unnamed wardens of CDCR prisons (and firecamps) as defendants, plaintiff has no standing to names these parties as defendants. To the extent, plaintiff seeks to sue any warden who is not the warden of the facility wherein he is incarcerated, he appears to be attempting to circumvent the court's prior ruling that he may only proceed in this action on his own behalf. Halet v. Wend Inv. Co., 672 F.2d 1305, 1308 (9th Cir. 1982) (party must assert [his] own rights not those of third parties), citing Duke Power Co. v. Carolina Environmental Study Group, 438 U.S. 59, 80, 98 S.Ct. 2620, 2634 (1978); Warth v. Seldin, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205 (1974). Plaintiff has been granted leave to proceed only as to claims of violations of his own constitutional rights or of his rights under RLUIPA[1] in the practice of his Muslim religion at the facility wherein he is incarcerated.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

---

[1] Religious Land Use and Institutionalized Persons Act.

meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). To sue defendants Woodford, Hickman and Tilton in their individual capacities for money damages, plaintiff must allege a link between their actions and the constitutional deprivation which he has suffered.

However, just as it is not necessary to allege Monell[2] policy grounds when suing a state or municipal official in his or her official capacity for injunctive relief related to a procedure of a state entity, Chaloux v. Killeen, 886 F.2d 247 (9th Cir. 1989), it follows that it is not necessary to allege the personal involvement of a state official when plaintiffs are attacking a state procedure on federal grounds that relates in some way to the job duties of the named defendant. All that is required is that the complaint name an official who could appropriately respond to a court order on injunctive relief should one ever be issued. Harrington v. Grayson, 764 F. Supp. 464, 475-477 (E.D. Mich. 1991); Malik v. Tanner, 697 F. Supp. 1294, 1304 (S.D.N.Y. 1988). ("Furthermore, a claim for injunctive relief, as opposed to monetary relief, may be made on a theory of respondeat superior in a § 1983 action."); Fox Valley Reproductive Health Care v. Arft, 454 F. Supp. 784, 786 (E.D. Wis. 1978). See also, Hoptowit v. Spellman,

---

[2] Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978).

1  753 F.2d 779 (9th Cir. 1985), permitting an injunctive relief suit to continue against an official's
2  successors despite objection that the successors had not personally engaged in the same practice
3  that had led to the suit.  However, because a suit against an official in his or her official capacity
4  is a suit against the state, a practice, policy or procedure of the state must be at issue in a claim
5  for official capacity injunctive relief.  <u>Haber v. Melo</u>, 502 U.S. 21, 25, 112 S. Ct. 358, 361-62
6  (1991).  To the extent that plaintiff seeks to allege that the state policy or procedure regarding
7  plaintiff's ability to practice the Muslim religion in the facility wherein he is incarcerated is
8  unconstitutional, plaintiff need only name in an official capacity, defendant Tilton, the present
9  Secretary of CDCR, and/or the warden of the facility wherein plaintiff is incarcerated.

10  The court observes that plaintiff is incarcerated at California State Prison (CSP)-
11  Solano.  In his putative second amended complaint (as in the previously dismissed first amended
12  complaint), plaintiff avers that only at that facility, CSP-Solano, were Muslim inmates granted
13  the rights to which they were entitled under RLUIPA, pursuant to <u>Mayweathers v. Newland</u>, 314
14  F.3d 1062, 1070 (9th Cir. 2002).[3]  Second Amended Complaint, pp. 7-8.  It is therefore confusing
15  that plaintiff now seeks to proceed on his claims for violations of his First Amendment Free
16  Exercise and RLUIPA rights against defendants based on conditions at that same facility, CSP-
17  Solano.  Plaintiff's duplicative second amended complaint will be dismissed with leave to file a
18  third amended complaint, within thirty days of this order.  In doing so, plaintiff must specifically
19  allege how his right to practice his religion is being violated within the institution where he is
20  incarcerated and not speak broadly and generically to alleged policies or practices at all other
21  CDCR facilities.

---

[3] The court takes judicial notice that in <u>Mayweathers v. Terhune</u>, CIV S-96-1582 LKK JFM P, restrictions on Muslim inmate religious practices at CSP-Solano were challenged in a class action seeking injunctive relief, whose members included all Muslim inmates at CSP-Solano.  Plaintiffs' motion for summary judgment and permanent injunction was granted on June 25, 2004.  Judgment in <u>Mayweathers</u> was entered on August 18, 2004, in accordance with the orders in that case, filed on June 25, 2004, and August 18, 2004.  An amended joint order re: expungement of disciplinary records of the plaintiff class was filed on September 17, 2004.

1    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that the second amended complaint is dismissed for the reasons discussed above, with leave to file a third amended complaint within thirty days from the date of service of this order.  Failure to file a third amended complaint will result in a recommendation that the action be dismissed.

DATED: 10/1/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
bonn0810.b